Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiff
GRANT HULET

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GRANT HULET,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action arises from the false arrest and use of excessive force against GRANT HULET by sheriff's deputies employed by the COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE.

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Tuolumne, California.

## EXHAUSTION

4. On June 23, 2023, GRANT HULET submitted a government claim to the COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq*. (Claim No. C22-46.)

5. On July 18, 2023, the COUNTY OF TUOLUMNE mailed a notice of rejection of the government claim "against the County."

6. By August 8, 2023, the TUOLUMNE COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim, pursuant to California Government Code section 912.4.

## PARTIES

7. Plaintiff GRANT HULET is a resident of the State of California, County of Tuolumne.

8. Defendant COUNTY OF TUOLUMNE is located in the State of California. Defendant COUNTY OF TUOLUMNE is a "public entity," pursuant to California Government Code section 811.2.

9. Defendant TUOLUMNE COUNTY SHERIFF'S OFFICE is located in the State of California, County of Tuolumne. Defendant TUOLUMNE COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code section 811.2.

10. Defendants DOE 1 to 10 are, and at times material herein were, law enforcement officers employed by Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendants DOE 1 to 10 are sued in an individual capacity. Defendants DOE 1 to 10's identities are presently unknown and they are sued by a fictitious name, until their true and correct identities are ascertained.

## GENERAL ALLEGATIONS

11. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12. On January 15, 2023, around 4:00 p.m., Plaintiff GRANT HULET was contacted by

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

Defendants DOE 1 to 4, sheriff's deputies employed by Defendant TUOLUMNE COUNTY SHERIFF'S OFFICE, at his home, 20911 Apple Valley Drive, Sonora, CA 95370.

13. Defendants DOE 1 to 4 arrested Plaintiff GRANT HULET based on a "stale" warrant; or, a warrant that was no longer active and did not provide probable cause or reasonable suspicion necessary to detain and arrest Plaintiff GRANT HULET.

14. Defendants DOE 1 to 4 failed to utilize appropriate law enforcement techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant TUOLUMNE COUNTY SHERIFF'S OFFICE's policies, procedures, and general orders. For example, Defendants DOE 1 to 4's actions were inconsistent with POST Learning Domain 15 ("Laws of Arrest"); POST Learning Domain 36 ("Information Systems"); Tuolumne County Sheriff's Office Policy 378 ("Warrants of Arrest"); and Tuolumne County Sheriff's Office Policy 615 ("Warrant Service").

15. Defendants DOE 1 to 4 transported Plaintiff GRANT HULET to the Dambacher Detention Center, 12915 Justice Center Dive, Sonora, CA 95370.

16. Plaintiff GRANT HULET was in the process of being booked by Defendants DOE 5 to 10, jail staff employed by Defendant TUOLUMNE COUNTY SHERIFF'S OFFICE, when he was abruptly escorted to a "safety cell."

17. The safety cell consisted of a padded room with a drain on the floor in the center of the cell. The safety cell was covered in urine and filth and there was no furniture or anywhere to sit inside of the cell.

18. Plaintiff GRANT HULET explained to Defendants DOE 5 to 10 that his placement in the safety cell was not appropriate because he had injuries for which he had recently undergone surgery, including to his right arm and back.

19. Plaintiff GRANT HULET explained to Defendants DOE 5 to 10 that he required a cell where he could sit.

20. Plaintiff GRANT HULET also protested that confining him to the filthy and unaccommodating safety cell would constitute a violation of his rights.

21. Defendants DOE 5 to 10 took exception to Plaintiff GRANT HULET's expressed concerns.

3

COMPLAINT; DEMAND FOR JURY TRIAL
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

22. Defendant DOE 5 entered the safety cell in which Plaintiff GRANT HULET was confined.

23. Defendant DOE 5 grabbed hold Plaintiff GRANT HULET and body-slammed him onto the floor of the cell on his back.

24. Plaintiff GRANT HULET never resisted or presented a threat to any of the attacking deputies.

25. Defendants DOE 5 to 10 piled on top of Plaintiff GRANT HULET, pinning him to the ground using their knees, arms, and bodyweight, including pressing on his injured back and twisting his injured arm.

26. Some of Defendants DOE 5 to 10 called out, "break it!," encouraging Defendants DOE 5 to 10 to injure Plaintiff GRANT HULET.

27. One of Defendants DOE 5 to 10 used scissors to cut-off Plaintiff GRANT HULET's clothing.

28. Defendants DOE 5 to 10 left Plaintiff GRANT HULET lying naked on the ground of the cell with only a small smock.

29. Defendants DOE 5 to 10's assault on Plaintiff GRANT HULET caused severe injury, including aggravating his pre-existing injuries to his recently injured arm and back and injuring his spine at the T11 and T12 vertebrae.

30. Defendants DOE 5 to 10 failed to utilize appropriate law enforcement techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant TUOLUMNE COUNTY SHERIFF'S OFFICE's policies, procedures, and general orders. For example, Defendants DOE 5 to 10's actions were inconsistent with POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); and Tuolumne County Sheriff's Office Policy 300 ("Use of Force").

31. Plaintiff GRANT HULET did not receive necessary medical care for his injuries at the jail.

32. Defendants DOE 5 to 10 prepared false reports charging Plaintiff GRANT HULET with resisting arrest in violation of California Penal Code section 148(a).

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

33. Eventually, the stale warrant used as the basis for Plaintiff GRANT HULET's false arrest was cleared and the resisting arrest charge was dismissed by the Tuolumne County District Attorney's Office.

34. Plaintiff GRANT HULET continues to experience pain and will require further medical care and treatment resulting from the injuries he sustained at the jail, including the loss of employment and income.

## FIRST CLAIM

### False Arrest

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

35. Plaintiff GRANT HULET asserts this Claim against Defendants DOE 1 to 4.

36. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

37. Defendants DOE 1 to 4 falsely arrested Plaintiff GRANT HULET, without a valid warrant and without probable cause or reasonable suspicion, in violation of the Fourth Amendment to the U.S. Constitution.

38. Defendants DOE 1 to 4's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

39. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 1 to 4's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 4.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## SECOND CLAIM

### Excessive Force

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

40. Plaintiff GRANT HULET asserts this Claim against Defendants DOE 5 to 10.

41. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

42. Defendants DOE 5 to 10 used unreasonable and excessive force against Plaintiff GRANT

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

HULET, in violation of the Fourth Amendment to the U.S. Constitution.

43. Defendants DOE 5 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

44. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 5 to 10.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

### THIRD CLAIM

### Retaliation

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

45. Plaintiff GRANT HULET asserts this Claim against Defendants DOE 5 to 10.

46. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

47. Defendants DOE 5 to 10 retaliated against Plaintiff GRANT HULET for engaging in constitutionally protected activity with intent to inhibit that activity, in violation of rights protected by the First Amendment to the U.S. Constitution.

48. Defendants DOE 5 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to protected rights, or were wantonly or oppressively done.

49. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 5 to 10.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

### FOURTH CLAIM

### Malicious Prosecution

### (U.S. Const. Amend. IV/XIV; 42 U.S.C. § 1983)

50. Plaintiff GRANT HULET asserts this Claim against Defendants DOE 5 to 10.

51. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

52. Defendants DOE 5 to 10 subjected Plaintiff GRANT HULET to a malicious prosecution, without probable cause and with the intent to violate Plaintiff GRANT HULET rights secured by the U.S. Constitution, including by interfering with the prosecutor's independent judgment by omitting relevant and material information and supplying false information regarding contact with Plaintiff GRANT HULET, which instigated and resulted in the filing of a criminal action which was subsequently terminated in Plaintiff GRANT HULET's favor, in violation of the Fourth and/or Fourteenth Amendment to the U.S. Constitution.

53. Defendants DOE 5 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to protected rights, or were wantonly or oppressively done.

54. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 5 to 10.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## FIFTH CLAIM

### Section 504 of the Rehabilitation Act

**(29 U.S.C. § 701, *et seq*.)**

55. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE.

56. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

57. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE receive federal financial assistance. Plaintiff GRANT HULET had a physical impairment that substantially limited one or more major life activities, at all times herein.

58. Defendants DOE 5 to 10 failed to provide reasonable accommodation for Plaintiff GRANT HULET's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

other actions, by refraining from unreasonable and excessive uses of force, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

59. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## SIXTH CLAIM

### Title II of the Americans with Disabilities Act

**(42 U.S.C. § 12101, *et seq*.)**

60. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE.

61. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

62. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Plaintiff GRANT HULET had a physical impairment that substantially limited one or more major life activities, at all times herein.

63. Defendants DOE 5 to 10 failed to provide reasonable accommodation for Plaintiff GRANT HULET's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by refraining from unreasonable and excessive uses of force, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

64. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

\ \ \

\ \ \

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

## SEVENTH CLAIM

### False Arrest

### (Cal. Const. Art. I § 13)

65. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 4.

66. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

67. Defendants DOE 1 to 4 falsely arrested Plaintiff GRANT HULET, without a valid warrant and without probable cause or reasonable suspicion, in violation of Article I, Section 13 of the California Constitution.

68. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 4.

69. Defendants DOE 1 to 4's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

70. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 1 to 4's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 4; and punitive damages against Defendants DOE 1 to 4.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## EIGHTH CLAIM

### Excessive Force

### (Cal. Const. Art. I § 13)

71. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 5 to 10.

72. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

73. Defendants DOE 5 to 10 used unreasonable and excessive force against Plaintiff GRANT HULET, in violation of Article I, Section 13 of the California Constitution.

74. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 5 to 10.

75. Defendants DOE 5 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

76. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 5 to 10; and punitive damages against Defendants DOE 5 to 10.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## NINTH CLAIM

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

77. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

78. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

### False Arrest

79. Defendants DOE 1 to 4 falsely arrested Plaintiff GRANT HULET, without a valid warrant and without probable cause or reasonable suspicion, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

### Excessive Force

80. Defendants DOE 5 to 10 used unreasonable and excessive force against Plaintiff GRANT HULET, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

U.S. Constitution and Article I, Section 13 of the California Constitution.

Malicious Prosecution

81.     Defendants DOE 5 to 10 subjected Plaintiff GRANT HULET to a malicious prosecution, without probable cause and with the intent to violate Plaintiff GRANT HULET rights secured by the U.S. Constitution, including by interfering with the prosecutor's independent judgment by omitting relevant and material information and supplying false information regarding contact with Plaintiff GRANT HULET, which instigated and resulted in the filing of a criminal action which was subsequently terminated in Plaintiff GRANT HULET's favor, with deliberate indifference or reckless disregard, in violation of the Fourth and/or Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) and/or 13 of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

82.     Defendants DOE 5 to 10 failed to provide reasonable accommodation for Plaintiff GRANT HULET's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by refraining from unreasonable and excessive uses of force, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

Common Allegations

83.     Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

84.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

85.     Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## TENTH CLAIM

### False Arrest

86. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 4.

87. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

88. Defendants DOE 1 to 4 falsely arrested Plaintiff GRANT HULET, without a valid warrant and without probable cause or reasonable suspicion.

89. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 4.

90. Defendants DOE 1 to 4's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

91. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 1 to 4's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 4; and punitive damages against Defendants DOE 1 to 4.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Assault / Battery

92. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 5 to 10.

93. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

94. Defendants DOE 5 to 10 used unreasonable and excessive force against Plaintiff GRANT HULET.

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

95. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 5 to 10.

96. Defendants DOE 5 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

97. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 5 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 5 to 10; and punitive damages against Defendants DOE 5 to 10.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## TWELFTH CLAIM

### Intentional Infliction of Emotional Distress

98. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

99. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

100. Defendants DOE 1 to 4 engaged in outrageous conduct—including, among other actions, false arrest—with intent or reckless disregard of the probability that Plaintiff GRANT HULET would suffer emotional distress and he did suffer severe emotional distress.

101. Defendants DOE 5 to 10 engaged in outrageous conduct—including, among other actions, unreasonable and excessive use of force and malicious prosecution—with intent or reckless disregard of the probability that Plaintiff GRANT HULET would suffer emotional distress and he did suffer severe emotional distress.

102. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

103. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

104. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## THIRTEENTH CLAIM

### Negligence

105. Plaintiff GRANT HULET asserts this Claim against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

106. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

107. Defendants DOE 1 to 4 owed Plaintiff GRANT HULET a duty of care and breached the duty through actions and inactions—including, among other actions, false arrest.

108. Defendants DOE 5 to 10 owed Plaintiff GRANT HULET a duty of care and breached the duty through actions and inactions—including, among other actions, unreasonable and excessive use of force and malicious prosecution.

109. Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 10.

110. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

111. Plaintiff GRANT HULET was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

WHEREFORE, Plaintiff GRANT HULET prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GRANT HULET seeks Judgment as follows:

1. For an award of compensatory, general, special, and nominal damages (including under federal and state law) against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, in excess of $1,000,000, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code section 818);

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code section 52.1, California Code of Civil Procedure section 1021.5, and any other statute or law as may be applicable;

5. For interest; and

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

6. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: August 14, 2023

Respectfully Submitted,

By: _____
   Mark E. Merin
   Paul H. Masuhara
   LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
   Sacramento, California 95814
   Telephone: (916) 443-6911
   Facsimile: (916) 447-8336

   Attorneys for Plaintiff
   GRANT HULET

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____

## **JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff GRANT HULET

Dated: August 14, 2023                                        Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

       Attorneys for Plaintiff
       GRANT HULET

17

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. _____