UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT HULET,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF TUOLUMNE and TUOLUMNE COUNTY SHERIFFS OFFICE,<br><br>            Defendants. | Case No. 1:23-cv-01217-HBK<br><br>ORDER GRANTING MOTION FOR SERVICE EXPENSES[1]<br><br>(Doc. No. 9) |

      Pending before the Court is Plaintiff's Motion for Service Expenses. (Doc. No. 9, "Motion"). Defendants filed an Opposition (Doc. No. 13), and Plaintiff filed a Reply (Doc. No. 16). For the reasons set forth below, the Court grants Plaintiff's Motion.

**BACKGROUND**

      On August 14, 2023, Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 alleging various constitutional violations by Defendants. (*See* Doc. No. 1). On August 23, 2023, Plaintiff's counsel sent letter packets by mail to Defendants, containing (1) a Notice of a Lawsuit and Request to Waive Service of a Summons; (2) Waiver of the Service of Summons (two copies with a pre-paid return envelope); (3) a copy of the Complaint; (4) a Civil

---

[1] This pretrial matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A). Local Rule 302(a).

Cover Sheet; (5) a Summons; and various informational documents.  (Doc. No. 9-1 at 2; Doc. No. 13 at 2).  Defendants were directed to waive service within 30 days of the date indicated on the Notice form, i.e., by September 22, 2023.  (Doc. No. 9-1 at 2.).  Defendants did not return the waivers.  (*Id.*).

On October 10, 2023, Plaintiff's counsel arranged for personal service on Defendants.  (Doc. No. 9-1 at 2).  On October 10 and 12, 2023, Defendants were personally served with process, at a combined cost of $180.  (Doc. No. 9-1 at 2; Doc. No. 13 at 2).  On November 13, 2023, Defendants filed a Motion to Dismiss.  (Doc. No. 8).  The same day, Plaintiff filed the instant Motion seeking reimbursement of costs and attorney fees under Federal Rule of Civil Procedure 4(d).  (Doc. No. 9 at 3).  After receipt of the Motion, Defendants' counsel contacted Plaintiff's counsel offering to pay the $180 service costs but refused to pay the $1,000 in attorney's fees associated with preparing and filing the Motion.  (Doc. No. 13 at 2; Doc. No. 16 at 3).  Unable to resolve the issue, Defendants filed an Opposition to the Motion and Plaintiff filed a Reply.  (Doc. No. 16 at 6).

## APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

"An individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d).  The Rule further provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (a) The expenses later incurred in making service; and
>
> (b) The reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).  *See also Rollin v. Cook*, 466 Fed. Appx. 665, 667 (9th Cir. 2012) ("Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff . . . Absent a showing of good cause, a defendant who fails to execute a valid waiver 'must' pay the costs of formal service and any costs, including reasonable attorney's fees, of any motion 'required' to collect service

expenses." Rule 4's purpose "is 'to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel.'" *Estate v. Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (quoting Fed. R. Civ. P. 4(d) Advisory Committee Note on 1993 Amendments).

**B. Discussion**

In Opposition to the Motion, Defendants explain that they had "attempted to arrange representation for the lawsuit against them" but had not secured representation before the 30 days to waive service had expired. (Doc. No. 13 at 2). However, Defendant do not contend that this constituted good cause for their failure to return the waivers. Instead, Defendants raise two objections: (1) the Motion was not "required" for recovery of service expenses, and (2) even if required, the $1000 in attorney's fees sought are excessive for a "page and a half motion." (Doc. No. 13 at 1).

1. Plaintiff's Motion Was Required to Recover Service Expenses

It is uncontested that Defendants did not offer to pay Plaintiff's service expenses until after Plaintiff filed the instant Motion. Defendants cite *Gold v. California Highway Patrol*, 2020 WL 6562313 (N.D. Cal. 2020) for the proposition that a motion for service expenses is only "required" under Rule 4 after "some effort by Plaintiff's counsel" to avoid having to file such a motion. (Doc. No. 13 at 3). In that case, the Court found that a motion for service expenses was not "required" because defendants' counsel had "made four statements acknowledging that [d]efendants may have to pay service and expenses and explicitly offered to pay service expenses" prior to plaintiff filing his motion. *Gold*, 2020 WL 6562313, at *3.

Defendants acknowledge that *Gold* is arguably distinguishable here, given that Defendants did not offer to pay service expenses until *after* Plaintiff filed his Motion. (Doc. No. 13 at 3). They nevertheless argue, relying on dicta in *Gold*, that Rule 4 implies a meet and confer requirement before Plaintiff can file such a motion. (*Id.*). However, no such requirement can be found in the plain text of the Rule, and federal courts have declined to imply such a requirement. *See, e.g., Rice v. Hamilton Davis Mental Health, Inc.*, 2023 WL 5185144, at *2 (S.D. Miss. Aug. 10, 2023); (rejecting argument that "attorney's fees incurred in connection with the [] motion

3

should be denied," where the "plaintiff failed to make a demand for payment of service expenses before filing the [] motion," because Rule 4(d)(2) "does not explicitly require a demand as a prerequisite to recovery of fees" nor does it "implicitly impose such a requirement"); *Brennan v. Summer WWK LLC*, 2021 WL 5033475, at *2 (N.D. Ga. Aug. 17, 2021) ("[the defendant] offers no legal authority for his proposition that Plaintiff is required to make a demand upon a defendant prior to filing a motion under Rule 4(d)(2)").

The Court recognizes that this case was not assigned to District Judge Ana I. de Alba until November 15, 2023, two days after Plaintiffs filed their Motion for Service Expenses. (*See* Doc. No. 10). Admittedly, under Judge de Alba's Standing Order in Civil Actions, "[p]rior to filing a motion where the parties are represented by counsel, counsel shall engage in pre-filing meet and confer to thoroughly discuss the substance of the contemplated motion and any potential resolution." E.D. Cal. S.O. J. de Alba at 2. *See Bath v. Millennium Eng'g & Integration Co.*, 2023 WL 1315419, at *2 (E.D. Cal. Jan. 31, 2023). Judge de Alba's Standing Order accords with Federal Rule of Civil Procedure 1, which states that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Rule 1's paramount command" seeks the fair resolution of civil without undue costs or delay. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). This Court is sympathetic to Defendants and recognizes, had this case promptly been reassigned prior to the filing of the instant Motion, the result would be different. Nonetheless, neither the Court's Local Rules nor Rule 4(d) impose a meet and confer requirement on counsel before the filing of this type of motion.[2] Nonetheless, in the future, the Court admonishes both parties[3] to engage in meet and confer efforts, even if not required by a court's standing order, to promote the just, speedy and inexpensive determination of any contemplated motion and to avoid the Court's involvement.

Because the parties were not subject to a meet and confer requirement at the time

---

[2] Defendant correctly notes that Local Rule 251, which governs discovery, does impose a meet and confer requirement on counsel.

[3] The Court notes that Defendants did not contact Plaintiff before filing their Motion to Dismiss.

Plaintiff's filed the instant Motion, the Court agrees that Plaintiff was not obligated to make any further efforts before filing the Motion. Consequently, Defendants' failure to respond to the request for waiver of service without good cause and their subsequent failure to contact Plaintiff's counsel prior to the date Plaintiff filed the instant Motion means Plaintiff's Motion was "required" to recover the service costs.

### 2. Plaintiff's Attorney's Fees are Not Excessive

Turning to the second issue, Plaintiff seeks a total of $2525 in attorney's fees, which includes $1000 for the Motion and an additional $1525 for the Reply brief, plus $180 for costs of service on Defendants. Plaintiff attaches an invoice reflecting the costs of service (Doc. No. 9-2 at 19-20). Defendants do no dispute that they owe $180 for the costs. (Doc. No. 13 at 6). Thus, the Court turns its analysis to the amount of attorney fees requested.

Inherent is a request for attorney fees, is that the applicant exercise billing judgment and exclude "excessive, redundant or otherwise unnecessary [hours]." *Hensley v. Eckert*, 461 U.S. 424, 434 (1983). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010). The reasonableness of hours expended turns on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Here, Plaintiff does not, and cannot, seek any fees for preparation of the initial waiver and service documents. *See Fitzpatrick v. Fitzpatrick*, 2014 WL 309491, at *2 (E.D. Cal. Jan. 28, 2014). First, Plaintiff seeks to recover $1000 for a combined 3.0 hours of attorney time spent researching and drafting the Motion and its supporting Declaration with Exhibits. The Court notes the bulk of the attorney time (2.5 hours) was incurred by the Mr. Merin's associate Mr. Masuhara. The Court finds the time spent preparing the Motion and its accompanying Declaration with Exhibits is not excessive, especially given that a motion for service expenses is not frequently litigated and Counsel attests that the issues were unfamiliar to him. (Doc. No. 16-1 at 2, ¶4).

Turning to the Reply, the Court agrees with Plaintiff that a party is entitled to collect fees associated with preparation of a Reply.  *See, e.g.*, *Smith v. Freeman*, 921 F.2d 1120, 1124 (10th Cir. 1990) (remanding case to calculate recovery for filing reply); *Welsh v. Halter*, 2004 U.S. Dist. LEXIS 13289, *7-8 (N.D. Ill. July 12, 2004) (permitting recovery of attorney's fees for filing reply brief).; *Baxam L. Grp., LLC v. Howard & Howard Att'ys, PLLC,* 2012 WL 13006244, at *1 (N.D. Ga. Jan. 30, 2012) ("[counsel's] expenditure of … [time] on the reply brief was appropriate and reflected in the work provided to the Court").  Plaintiff seeks to recoup $1525 for a combined 4.75 hours of attorney time spent in connection with preparation of the Reply.  The Reply is more than double of the length of the Motion.  The attorney time expended by Mr. Merin and Mr. Masuhara, his associate, is not duplicative.  Indeed, almost all the time billed (4.25 hours) was performed by the associate, who has a lower billing rate.  (Doc. No. 16-1 at 2).  Thus, the Court finds no basis to question the total amount of time billed for preparation of the Reply.

Turning to the hourly rates charged, Courts in the Eastern District have consistently awarded both Mr. Merin and Mr. Masuhara the fees they seek in this action.  *See, e.g., Baker v. Katehi*, No. 2:12-cv-00450-JAM-EFB, at Doc. No. 56 (E.D. Cal. Jan. 9, 2013) (awarding $580 per hour to Mark Merin); *Estate of Stingley v. County of Sacramento*, No. 2:23-cv-00255-TLN-AC, at ECF No. 31 (E.D. Cal. Sep. 27, 2023) (awarding $500 per hour to Mark Merin, $300 per hour to Paul Masuhara); *Estate of Thomas v. County of Sacramento*, No. 2:20-cv-00903-KJM-DB, at ECF No. 93 (E.D. Cal. Dec. 14, 2021) & ECF No. 106 (E.D. Cal. Jan. 18, 2022) (same).  Thus, the Court finds reasonable Plaintiff's request for $500 per hour for Mr. Merin and $300 for his associate, Mr. Masuhara for their respective legal work.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Service Expenses (Doc. No. 9) is **GRANTED**.
2. Within fourteen (14) days of the date of this order, Defendants shall pay Plaintiff's service expenses and associated attorney's fees in the amount of $2705.

Dated:    January 18, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6