UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GRANT HULET,<br><br>               Plaintiff,<br><br>vs.<br><br>COUNTY OF TUOLUMNE, TUOLUMNE COUNTY SHERIFF'S OFFICE, BILL POOLEY, CARL BENSON, MARCUS GREEN, SHAYLENE GRAZIOSE, JESSICA HOLT, SHELBY HEDGPETH, and DANIEL GAVRILAS,<br><br>               Defendants. | Case No. 1:23-cv-01217-KES-HBK<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES<br><br>(Doc. No. 40) |

**STIPULATION**

**A.     PURPOSE AND LIMITATION**

Defendants believe that the disclosure and discovery activity concerning the materials described in this stipulated protective order is likely to involve production of information for which protection from public disclosure would be warranted. Plaintiff has not been permitted to view the materials described in this stipulated protective order. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The parties further acknowledge that this stipulated protective order does not entitle any

1   party to file information designated as protected or confidential under seal, where Local Rule 141 sets

2   forth the procedures that must be followed and reflects the standards that will be applied when a party

3   seeks permission from the Court to file material under seal.

4   **B.      DEFINITIONS**

5          The following definitions shall apply to this Protective Order:

6          1.      The "Action" shall mean and refer to the above-captioned matter and to all actions now or

7   later consolidated with the Action, and any appeal from the Action and from any other action

8   consolidated at any time under the above-captioned matter, through final judgment.

9          2.      "Documents" or "Confidential Documents" shall mean the documents that Defendants

10  designate as "Confidential" and described in section C.

11         3.      "Confidential" shall mean information designated "Confidential" pursuant to this

12  stipulated protective order. Information designated "Confidential" shall be information that is determined

13  in good faith by the attorneys representing the designating party to be subject to protection pursuant to

14  Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be

15  used solely for purposes of litigation. Confidential information shall not be used by the non-designating

16  party for any business or other purpose, unless agreed to in writing by all parties to this action or as

17  authorized by further order of the Court.

18         4.      "Plaintiff" shall mean GRANT HULET.

19         5.      "Defendants" shall mean the COUNTY OF TUOLUMNE, TUOLUMNE COUNTY

20  SHERIFF'S OFFICE, BILL POOLEY, CARL BENSON, MARCUS GREEN, SHAYLENE

21  GRAZIOSE, JESSICA HOLT, SHELBY HEDGPETH, DANIEL GAVRILAS, and any other

22  Defendants that may subsequently be added to this action.

23         6.       "Parties" shall mean Plaintiff and Defendants, identified above.

24  **C.      INFORMATION COVERED**

25         Covered Information:

26         Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under

27  this stipulated protective order is limited to the following:

28         1.      Personnel Files of CARL BENSON, including Internal Affairs materials (Bates

2

1  COT000001-205)

2       2.     Personnel Files of MARCUS GREEN, including Internal Affairs materials (Bates

3  COT000206-376)

4       3.     Personnel Files of SHAYLENE GRAZIOSE, including Internal Affairs materials (Bates

5  COT000377-673)

6       4.     Personnel Files of JESSICA HOLT, including Internal Affairs materials (Bates

7  COT000674-736)

8       5.     Personnel Files of SHELBY HEDGPETH, including Internal Affairs materials (Bates

9  COT000737-781)

10       6.     Personnel Files of DANIEL GAVRILAS, including Internal Affairs materials (Bates

11  COT000782-836)

12       <u>Particularized Need for Protection</u>:

13       Pursuant to Local Rule141.1(c)(2), Defendants assert that there exists a specific, particularized

14  need for protection as to the information covered by this stipulated protective order. Defendants

15  represented to the Court and Plaintiff that the materials designated to be covered by this stipulated

16  protective order are limited solely to those which would qualify for protection under Federal Rule of

17  Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis.

18  *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

19  \ \ \

20       <u>Showing of Need for a Protective Order</u>:

21       Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for

22  the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of

23  resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure

24  26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting

25  the usual document-by-document analysis necessary to obtain protection, in favor of a procedure

26  whereby presumptive protection is afforded based on Defendants' good faith representations of the need

27  for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he

28  burden of justifying the confidentiality of each and every document sought to be covered by a protective

3

1  order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on

2  its head."). As a result, production may be made with this stipulated protective order in place and, if

3  necessary, it will permit discrete and narrowed challenges to documents designated for protection.

4  **D.      TERMS OF THE PROTECTIVE ORDER**

5        Confidential Documents subject to protection may be designated as "Confidential" and produced

6  subject to this stipulated protective order:

7        1.      The Confidential documents shall be used solely in connection with the above-captioned

8  civil case, and in the preparation and trial of the case. The parties do not waive any objections to the

9  admissibility of the documents or portions thereof in future proceedings in this case, including trial.

10        2.      The parties will designate the Confidential documents as confidential by affixing a mark

11  labelling them "Confidential."

12        3.      The Confidential documents may only be disclosed to the following persons:

13        a.      Plaintiff, Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E.

14  Merin, and any partners and associates in that office;

15        b.      Defendants, Jeffrey C. Arnold of Porter Scott Spinelli, Donald & Nott, and any

16  partners and associates in that office;

17        c.      Paralegal, clerical, and secretarial personnel or support staff regularly employed by

18  counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition

19  reporters or videographers retained in connection with this action;

20        d.      Court personnel, including stenographic reporters or videographers engaged in

21  proceedings as are necessarily incidental to the preparation for the trial in the civil action;

22        e.      Any expert, consultant, or investigator retained in connection with this action;

23  however, such persons must be advised of and abide by this protective order;

24        f.      The finder of facts at the time of trial, subject to the court's rulings on *in limine*

25  motions and objections of counsel; and

26        g.      Witnesses during their depositions in this action. If confidential documents are

27  used in the deposition, the documents must be identified as "Confidential" and the portion of the

28  deposition in which the documents are described should also be considered confidential.

4

4.      Information covered by this stipulated protective order does not automatically entitle the parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

5.      The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

6.      Any party or non-party may challenge a Confidential designation at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. If the parties cannot resolve a challenge without Court intervention, the designating party shall file and serve a motion for protective order/to retain confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party

5

1   may file a motion challenging a confidentiality designation at any time if there is good cause for doing

2   so. The burden of persuasion in any such challenge proceeding shall be on the designating party,

3   consistent with Federal Rule of Civil Procedure 26(c). Unless the designating party has waived the

4   confidentiality designation by failing to file a motion for protective order/to retain confidentiality as

5   described above, all parties shall continue to afford the material in question the level of protection to

6   which it is entitled under the designating party's designation until the Court rules on the challenge.

7          7.      Should the Confidential documents or any information contained therein be disclosed,

8   through inadvertence or otherwise, to any person not authorized to receive it under this stipulated

9   protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the

10  recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and

11  (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

12         8.      The Confidential documents shall not lose its confidential status because it was

13  inadvertently or unintentionally disclosed to a person not authorized to receive it under this stipulated

14  protective order.

15         9.      The protections conferred by this stipulated protective order cover the information defined

16  above, as well as any information copied from the materials. However, the protections conferred by this

17  stipulated protective order do not cover: (A) any information that is in the public domain at the time of

18  disclosure or which subsequently becomes part of the public domain after its disclosure, including

19  becoming part of the public record through trial or otherwise; and (B) any information known prior to the

20  disclosure or obtained after the disclosure from a source who obtained the information lawfully and

21  under no obligation of confidentiality.

22         10.     After the conclusion of this litigation, the Confidential documents will remain

23  confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement,

24  or dismissal of the action with prejudice for any other reason.

25         11.     This stipulated protective order shall remain in full force and effect and shall continue to

26  be binding on all parties and affected persons until this litigation terminates, subject to any subsequent

27  modifications of this stipulated protective order for good cause shown by this Court or any Court having

28  jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the

1    stipulated protective order shall continue in force as a private agreement between the parties.

2          12.      The parties may request additional records to be subject to this stipulated protective order.

3    If a party believes a document to be produced should be subject to this stipulated protective order, the

4    parties must meet and confer. If there is agreement, the parties shall submit an amendment to this

5    stipulated protective order to identify the additional documents. If the parties cannot agree, the party

6    seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

7          13.      During the pendency of this lawsuit, the Court may (a) make such amendments,

8    modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause

9    shown; and (b) adjudicate any dispute arising under it.

10            IT IS SO STIPULATED.

11   Dated: August 7, 2024                    Respectfully Submitted,
                                              LAW OFFICE OF MARK E. MERIN
12

13                                              /s/ Mark E. Merin

14                                            By: _____
                                                Mark E. Merin
15                                              Paul H. Masuhara

16                                                Attorneys for Plaintiff
                                                 GRANT HULET
17

18

19

20   Dated: August 7, 2027                    Respectfully Submitted,
                                              SPINELLI, DONALD & NOTT
21

22                                              /s/ Jeffrey C. Arnold
                                              (as authorized on August 7, 2027)
23                                            By: _____
                                                Jeffrey C. Arnold
24
                                                 Attorney for Defendants
25                                               COUNTY OF TUOLUMNE, TUOLUMNE
                                                 COUNTY SHERIFF'S OFFICE, BILL POOLEY,
26                                               CARL BENSON, MARCUS GREEN,
                                                 SHAYLENE GRAZIOSE, JESSICA HOLT,
27                                               SHELBY HEDGPETH, and DANIEL GAVRILAS

28

1   Accordingly, it is hereby ORDERED:

2   The Parties' stipulated protective order (Doc. No. 40) is GRANTED.

3   IT IS SO ORDERED.

4   DATED:  August 8, 2024

Helena M. Barch-Kuchta, U.S. Magistrate Judge

**STIPULATION FOR PROTECTIVE ORDER RE: PERSONNEL FILES**
*Hulet v. County of Tuolumne*, United States District Court, Eastern District of California, Case No. 1:23-cv-01217-KES-HBK